# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| MAUREEN DEVOE | : | DOCKET NO. 05-1117 |
|---|---|---|
| VERSUS | : | JUDGE TRIMBLE |
| MANAGEMENT SOLUTIONS, INC. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Presently before the court is plaintiff's motion to remand. [doc. # 8].[1]

From August 14, 2003, until June 20, 2004, Maureen Devoe was employed as an assistant manager with Management Solutions, Inc. ("MSI") (Petition, ¶¶ III-IV). On March 17, 2005, Devoe filed the above-captioned suit against MSI in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Devoe alleges that while in MSI's employ, she was subjected to sexual harassment and a hostile work environment. (Petition, ¶ X). Devoe alleges that she was ultimately constructively discharged. *Id.*

On June 24, 2005, MSI removed the case to federal court on the basis of federal question and diversity jurisdiction. 28 U.S.C. §§ 1331 & 1332. On July 21, 2005, plaintiff filed a motion to remand, alleging that federal subject matter jurisdiction was lacking because her lawsuit does not assert a cause of action under federal law, and because the amount in controversy does not exceed the jurisdictional minimum. The matter is now before the court.

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

Discussion

Removing defendants have the burden of establishing removal jurisdiction. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). "A state-court action may be removed to federal court if it qualifies as a 'civil action ... of which the district courts of the United States have original jurisdiction,' unless Congress expressly provides otherwise." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998)(citing 28 U.S.C. § 1441(a)).

a) Federal Question Jurisdiction

In this case, the removing defendant has invoked federal question jurisdiction, that is, it argues that the action is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet, supra;* (citations omitted).

In the case *sub judice*, plaintiff's petition does not specifically refer to either a federal or state statute. The factual allegations support claims under state anti-discrimination law. It can also be argued that the factual allegations support a claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. Yet, in her motion to remand, plaintiff eschews any intent to pursue a claim under federal law. Instead, plaintiff seeks relief exclusively under the Louisiana Employment Discrimination Law ("LEDL"), Louisiana Revised Statute 23:301, *et seq*. (Pl. M/Remand, pgs. 2-3).[2] At least one court has held that the complaint fails to state a claim under

---

[2] This conclusion is supported by the absence of any allegations or evidence that plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which, of course, is an administrative prerequisite to filing suit under Title VII. *Taylor v. Books A Million,*

Title VII when it does not allege that plaintiff has received an EEOC right to sue letter. *Shabazz v. Texas Youth Com'n*, 300 F.Supp.2d 467, 471 (N.D. Tex. 2003). Given the time limitations to initiate a charge with the EEOC, it would appear that plaintiff is now barred from proceeding under Title VII. *See, Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998). It suffices to say that plaintiff's petition does not state a claim under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

b) Diversity Jurisdiction

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893(as amended by Acts 2004, No. 334). However, if the claim is less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id*. Here, plaintiff has specifically alleged that her damages do not exceed $ 75,000. (First Amended Complaint). This allegation creates a presumption that the federal jurisdictional threshold has not been breached. *De Aguilar v. Boeing*, 47 F.3d 1404, 1412 (5th Cir. 1995). However, a removing defendant can overcome this presumption by establishing by a preponderance of the evidence that the amount in controversy is greater than the federal jurisdictional minimum. *Id*. A removing defendant can establish the amount in controversy in one of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Here, removing defendant argues that pursuant to Louisiana Revised Statute 23:303,

---

*Inc.*, 296 F.3d 376, 379 (5th Cir.2002).

plaintiff is entitled to reasonable attorney's fees. *See*, La. R.S. 23:303(A). Defendant contends that plaintiff's allegation that her "damages" do not exceed $ 50,000, does not preclude the likelihood that she could be awarded attorney's fees of $ 25,000+, which when added to her maximum damages of $50,000 would exceed the requisite minimum for the exercise of diversity jurisdiction. *See, Boone v. Mid-State Marketing*, 867 So.2d 91, 98 (La. App. 3d Cir. 2004)(award of penalties and attorney fees valid even if not prayed for in petition).

On August 25, 2005, the court issued a minute entry inviting the parties to submit competent summary judgment evidence and supplemental briefs that address the potential amount of attorney's fees in this case. (*See*, August 25, 2005, Minute Entry). The parties were allotted 15 days to effect same. The time has since elapsed and only plaintiff has submitted a reply.

In her brief, plaintiff discussed *Craven v. Universal Life Insurance Co.*, 670 So.2d 1358 (La. App. 3d Cir. 1996). *Craven* is a sexual harassment case that ultimately resulted in a general damages award of $ 100,000 for the plaintiff. *Id.* The court of appeals awarded attorney's fees of $10,000 for eight years of work involving numerous motions, a jury trial, post-trial motions, and a successful appeal. *Id.* Considering the allegations in the instant complaint, it is highly unlikely that any attorney's fees award in this case would exceed $ 25,000.

In sum, plaintiff's petition does not support federal question or diversity jurisdiction on its face, nor did removing defendant allege or aver additional facts which would support federal jurisdiction. *See, Simon, supra.* Accordingly, we lack subject matter jurisdiction and remand is required. 28 U.S.C. §§ 1331, 1332 & 1447(c). For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 8] be GRANTED. 28

U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of September, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE